RAIMUNDO BALET, Plaintiff and Appellee, *v.* JESÚS MARÍA DÁVILA Y MALDONADO ET AL., Defendants and Appellants.

No. 5817. Argued November 17, 1932.—Decided November 22, 1932.

*Antonio L. López* for appellants. *José C. Rivera* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This is a summary foreclosure proceeding instituted in October 1930, under the Mortgage Law and the Regulations, in order to foreclose a mortgage which also secured the payment of a fixed amount for costs and attorney's fees. On the 10th of November following, the court ordered that demand be made on the defendant for payment of the principal due, the unpaid interest thereon, and the sum stipulated for costs and attorney's fees, and such demand was made accordingly. Three days before, this Court decided in the cases of *Vidal Sánchez* v. *Corte,* 40 P.R.R. 100, that costs must be taxed in proceedings of this nature; and on June 5, 1931, the foreclosing creditor filed a memorandum of costs which was challenged by the debtor and approved by the court, on July 21, 1931, after making a certain reduction in the amount thereof. The debtor took an appeal from that decision, and the hearing before us was held on the 17th of the current month and year.

As a ground for his appeal, the appellant urges that the memorandum of costs should have been presented within the ten days following the demand for payment.

The case of *Arsuaga* v. *Corte,* 43 P.R.R.——,* decided on July 30, 1932, revokes the case of *Vidal* v. *Sánchez, supra,* and holds that in proceedings of this nature, when the payment of costs is secured by mortgage and the amount thereof is fixed, said sum must be considered as liquidated and agreed upon by the parties in the event that the creditor is forced to resort to judicial action in order to collect his credit. Consequently, as the amount of costs and attorney's fees has been fixed and is secured by the mortgage in this case, the filing of a memorandum of costs, the proceedings in opposition thereto, and the order of the court approving such memorandum were improper. Therefore, the order appealed from is reversed.

---

* NOTE: See Preface of this volume.